## Philip Steller v. Sarah A. Steller.

### Gen. No. 4,376.

1.   ALIMONY PENDENTE LITE—*when allowance of, improper.*   An allowance of alimony *pendente lite* and of solicitor's fees, is improper where it appears that the financial condition of the complainant was superior to that of defendant; that the defendant was unable to work and had no available means of livelihood, and that the complainant was capable of earning her own living and was the subject of serious charges which she did not deny, and which, if true, justified the defendant's action in living separate and apart from her.

Proceeding for separate maintenance.   Appeal from the Circuit Court of Peoria County; the Hon. THEODORE N. GREEN, Judge, presiding.   Heard in this court at the April term, 1904.   Reversed.   Opinion filed August 24, 1904.

PHILIP E. MANN, for appellant.

W. T. WHITNEY, for appellee.

MR. PRESIDING JUSTICE FARMER delivered the opinion of the court.

Appellee filed her bill in the Circuit Court of Peoria county August 27, 1903, against her husband, for separate maintenance.   The bill alleged that they were married

October 18, 1902, and charges that April 16, 1903, defendant left the bed of complainant, locked himself in another room in the house and refused to cohabit with her; that he failed to supply her with food and clothing and forbade other persons supplying her on his credit, and alleges that she supported herself and her fifteen-year old daughter by a former marriage, by sewing for other people. The bill charges defendant with driving away complainant's customers, with using toward her obscene and vile language and assaulting and choking her. The bill further alleges that defendant is the owner of property worth $10,000 and has an annual income of about $600, and that complainant is without means to prosecute her suit and support herself, and asks that he be required to pay her alimony *pendente lite*. Defendant answered denying the material allegations in the bill and charged that the complainant wrote him requesting him to come and see her, and, representing herself to be a chaste and virtuous woman, amply provided with property consisting of a house worth $3,600, and an income from a dressmaking business that made her independent, he was induced to marry her. Alleges that he subsequently learned she was a woman of lewd practices and had been divorced from her former husband on that account; that when he learned these things he ceased cohabiting with her and that that was the sole and only reason for his doing so, and states that his reason for not eating at the table with complainant is fear of poison. Defendant denies he is the owner of $10,000 worth of real and personal estate and an annual income of $600, and says that his entire property consists of his home, which is not worth more than $2,000, all of which is occupied by complainant except one room, $800 secured by a mortgage on complainant's house, and $1,500 on deposit in a savings bank but which he cannot withdraw without the consent of complainant; that he is sixty-nine years old and unable to work, while complainant owns a house worth $3,600 for which she receives $20 per month rent, and earns $12 per week in addition thereto. The answer further alleges that

$65 is the only money he has received from any source since May 1, 1903, except what he has borrowed from friends; that he has frequently gone hungry on account of having no money to purchase food, and at times has had to resort to free lunch counters. He further charges that during this period complainant has had in the house questionable characters with whom she engaged in rioting and drinking, also that she has on two occasions assaulted the defendant, at one time knocking him down stairs.

Complainant presented in support of her motion and petition for alimony *pendente lite* the affidavit of Bertha Sisky, that defendant told her about July 1, 1903, that his wife was a good and saving woman and was all right, that there was no sense in her sewing as he had plenty for both, and that he had torn down the sign because he did not want her to work as she did. Also the affidavit of Mary C. Hartman, who stated that about the last days of July defendant told her his only reason for treating his wife as he did was because of her refusal to sign certain papers; that he said his wife had always treated him with kindness and respect and often worked too hard.

Upon consideration of the motion and petition and the answer thereto, the substance of the material portions of both of which we have above set out, the court ordered defendant to pay complainant $50 as alimony for the time they had lived separate and apart, $25 solicitor's fees and $10 a month thereafter for her support during the pendency of the suit. From this order and decree the defendant appeals.

On which side the merits of this unfortunate controversy are, cannot be determined at this stage of the proceeding, nor is it necessary that it should be. The court had the authority in the exercise of a sound discretion upon a reasonable showing for that purpose, to allow alimony *pendente lite*. The question is, was the showing here made sufficient to warrant an allowance?

Complainant was fifty-four years old and defendant sixty-nine. According to the showing made by him, she

was the owner of more property and a larger income than her husband. He appears to be too old and infirm to work. The only real estate it is claimed he owns is the residence, all of which but one room is occupied by complainant, and from which he receives no income. The money in the savings bank, it appears, is tied up so that all he gets from it is three per cent or $45 per year, and defendant alleges that complainant is not paying the interest on the $800 note secured by mortgage on her property. Furthermore, some most serious charges are made by defendant against complainant, such as would fully justify him in refusing to live with her, if true, which she has not seen fit to deny by counter affidavits.

Without further discussion it is sufficient to say that from an examination of this record we are of opinion the court should not have made any allowance for her support nor solicitor's fees until the cause was tried, and the order and decree of the Circuit Court is reversed.

*Reversed.*